**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STRATEGIC HOTELS AND RESORTS, INC. and SHR RETAIL, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| ROKA AKOR CHICAGO, LLC d/b/a ENOLO WINE BAR, JNK HOLDINGS, LLC and JNK CONCEPTS, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Strategic Hotels and Resorts, Inc. and SHR Retail, LLC ("Strategic") bring this action against Roka Akor Chicago LLC d/b/a Enolo Wine Bar, JNK Holdings LLC and JNK Concepts LLC ("Defendants") alleging that their conduct violates (1) the Lanham Act, 15 U.S.C. 1125(a), (2) the Illinois Trademark and Registration Act, 765 ILCS 1036/1, et seq., (3) the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., (4) the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and (5) common law unfair competition. Strategic seeks damages and injunctive relief.

**THE PARTIES**

1.      Plaintiff Strategic Hotels and Resorts, Inc. is a Maryland corporation with a principal place of business at 200 W. Madison St., Suite 1700, Chicago, IL 60606.

2.      Plaintiff SHR Retail, LLC is a Delaware limited liability company with a principal place of business at 200 W. Madison St., Suite 1700, Chicago, IL 60606.

3.      Defendant Roka Akor Chicago LLC d/b/a Enolo Wine Bar is a Delaware limited liability company with its principal office at 2711 Centerville Rd. #400, Wilmington, DE 19808,

and a registered agent at 200 W. Adams St. #2425, Chicago, IL 60606.

4.      Defendant JNK Holdings, LLC is a Delaware limited liability company with its principal office at 1209 Orange St., Wilmington, DE 19801, and a registered agent at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

5.      Defendant JNK Concepts, LLC is a Delaware limited liability company with its principal office and registered agent at 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION

6.      This Court has subject matter jurisdiction over Strategic's claim for false designation of origin pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has supplemental jurisdiction over Strategic's claims arising under the laws of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Strategic's claim under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8.      This Court has personal jurisdiction over Defendants because Defendants regularly transact and conduct business within this State and Defendants otherwise have made or established contacts within this State sufficient to permit the exercise of personal jurisdiction.

## VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in the Northern District of Illinois and/or a substantial part of the events giving rise to Strategic's claims occurred in the Northern District of Illinois.

## BACKGROUND

10.      Strategic is an owner of upscale and luxury hotels and resorts.  Strategic's current portfolio consists of sixteen hotels and resorts located in the United States and Europe.

11.     At six of its hotels and resorts, Strategic's agents operate wine bars under the ENO mark.  ENO wine bars are located in Chicago, Illinois, San Diego, Laguna Niguel, Half Moon Bay and San Francisco, California and Washington D.C.  Specifically, the ENO wine bar in Chicago, Illinois is operated by Strategic's agent, IHG Management (Maryland), LLC, under the terms of a 2005 Management Agreement.

12.     ENO wine bars offer guests selections of wines, cheeses and chocolates in a warm, intimate, and relaxing atmosphere.

13.     Strategic's ENO wine bars prominently feature the ENO mark.

14.     Strategic has spent significant resources promoting its wine bars under the ENO mark.

15.     Strategic has used the ENO mark continuously in Chicago since 2006, and SHR Retail, a wholly-owned subsidiary of Strategic Hotels and Resorts, Inc., owns Illinois state registration No. 097493 for the mark, which covers appetizer, dessert and wine bar services.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

16.     Strategic has developed common law rights in the ENO mark in those geographic areas where it offers its appetizer, dessert and wine bar services through its extensive and exclusive use of the mark in those geographic areas in connection with those services.

17.     As a result of Strategic's extensive use and promotion of its ENO wine bars, Strategic has built and owns valuable goodwill symbolized by the ENO mark.

## DEFENDANTS' UNLAWFUL ACTIVITIES

18.     On information and belief, since June 2014, Defendants have operated a wine bar in Chicago, Illinois under the name Enolo Wine Bar.

19.     Defendants are using the ENOLO mark in connection with a directly competitive

wine bar a mere seven blocks from Strategic's Chicago ENO location.

20.    Defendants' ENOLO mark is highly similar to Strategic's ENO mark.

21.    Defendants' are not authorized by Strategic to use the ENOLO mark, or any mark that is confusingly similar to Strategic's ENO mark in connection with wine bars or related services.

22.    Defendants' use of the ENOLO mark in connection with a wine bar is likely to create confusion, mistake, or deception as to the source or origin of Defendants' wine bar services, or as to Strategic's sponsorship of or affiliation with Defendants.

23.    Defendants' conduct constitutes trademark infringement, false designation of origin, deceptive business practices, and unfair competition.

24.    On information and belief, Defendants are willfully violating Strategic's intellectual property rights in a deliberate effort to trade on the hard-earned reputation and goodwill associated with Strategic's ENO wine bars.

25.    On or around July 10, 2014, counsel for Strategic sent a demand letter to the General Manager of Enolo Wine Bar requesting that Defendants "cease and desist from using the ENOLO mark, or any other confusingly similar mark."

26.    Despite knowing or having reason to know that they are violating Strategic's trademark rights, Defendants continue to operate a wine bar under the confusingly similar ENOLO mark.

27.    Defendants' misconduct is causing immediate and irreparable injury to Strategic and to its goodwill and reputation, and will continue both to damage Strategic and deceive the public unless enjoined by this Court.  Strategic has no adequate remedy at law.

70291-7004/LEGAL123418838.1

## FIRST CLAIM FOR RELIEF

**[False Designation of Origin - 15 U.S.C. § 1125(a)]**

28.     Strategic repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

29.     Defendants' distribution, marketing, promotion, offering for sale, and sale of goods and services in connection with their Enolo Wine Bar constitute false designations of origin and false representations that Defendants' wine bar services originate from or are authorized by or affiliated with Strategic, when in fact they are not.

30.     As a result of Defendants' unauthorized use of the confusingly similar ENOLO mark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' wine bar and wine bar services.

31.     Defendants' conduct is willful, intended to reap the benefit from Strategic's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

32.     Defendants' wrongful conduct is causing damage to Strategic, and is likely to continue unless restrained and enjoined.

33.     Strategic has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Strategic's trademark is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement constitutes harm to Strategic such that Strategic could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing goods or services, and (d) Defendants' wrongful conduct, and the resulting damage to Strategic, is continuing.

## SECOND CLAIM FOR RELIEF

### [Violation of 765 ILCS 1036/1, et seq.]

34.     Strategic repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

35.     Strategic has used the ENO mark continuously in Chicago since 2006, and SHR Retail, a wholly-owned subsidiary of Strategic Hotels and Resorts, Inc., owns Illinois state registration No. 097493 (the "State Registration") for the ENO mark in connection with appetizer, dessert and wine bar services.

36.     Without the consent of Strategic, by using the ENOLO mark Defendants have used a colorable imitation of Strategic's ENO mark in connection with the wine bar services covered under Strategic's State Registration.

37.     Defendants' use of the ENOLO mark is likely to cause confusion or mistake or to deceive consumers as to the source or origin of Defendants' wine bar services, or as to sponsorship of or affiliation with Defendants.

38.     Defendants' conduct constitutes trademark infringement pursuant to the Illinois Trademark and Registration Act, 765 ILCS 1036/60.

39.     Defendants' conduct has damaged Strategic, and Strategic is without any adequate remedy at law.

40.     Strategic is entitled to an injunction, Defendants' profits, and/or actual damages due to Defendants' infringing conduct, pursuant to 765 ILCS 1036/70.

41.     Additionally, because Defendants have knowingly and willfully infringed Strategic's intellectual property, Strategic is entitled to three times Defendants' profits and Strategic's damages pursuant to 765 ILCS 1036/70.

42.     Strategic is also entitled to its reasonable attorneys' fees pursuant to 765 ILCS 1036/70.

## THIRD CLAIM FOR RELIEF

### [Violation of 815 ILCS 505/1, et seq.]

43.     Strategic repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

44.     The acts, practices and conduct of Defendants, as alleged above in this Complaint, constitute unfair or deceptive business practices in violation of 815 ILCS 505/1, et seq., in that said acts, practices, and conduct are likely to lead the public to conclude, incorrectly, that the wine bar services offered, advertised, marketed, and provided by Defendants through their Enolo Wine Bar originate with, are sponsored by, or are authorized by Strategic, to the damage and harm of Strategic and the public.

45.     Defendants' use of confusingly and deceptively similar imitations of the ENO mark is willful and intentional, with the intention of deceiving the public as to the source of Defendants' goods and services.

46.     As a direct and proximate result of Defendants' acts, practices and conduct, as alleged, Strategic has been and will likely continue to be injured and damaged, and Strategic has no adequate remedy at law for this injury.

47.     As a result of Defendants' acts, Defendants have been unjustly enriched and Strategic has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Strategic is entitled to injunctive relief and an accounting of Defendants' profits, damages, and costs.

## FOURTH CLAIM FOR RELIEF

### [Violation of 815 ILCS 510/1, et seq.]

48.     Strategic repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

49.     The acts, practices and conduct of Defendants as set forth above, are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided by Defendants, and thus constitute unfair and deceptive acts or practices in the conduct of a business, trade or commerce in violation of Illinois statute 815 ILCS 510/1, et seq.

50.     The public is likely to be damaged as a result of Defendants' deceptive trade practices or acts.

51.     Defendants' acts, practices, and conduct as alleged above have been willful and caused, and are likely to continue to cause, injury and damage to Strategic.

## FIFTH CLAIM FOR RELIEF

### [Illinois Common Law Unfair Competition]

52.     Strategic repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

53.     Defendants' marketing, promotion, offering for sale, and sale of wine bar goods and services under the ENOLO mark constitute unfair competition under the common law of the State of Illinois.

54.     As a result of Defendants' conduct, the public is likely to believe that Defendants' goods or services have originated from and/or have been approved by Strategic, when they have not.

55.     Defendants' acts and conduct as alleged above have damaged and will continue to

damage Strategic and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## PRAYER FOR RELIEF

WHEREFORE, Strategic respectfully requests that the Court:

(a)     Enter judgment in Strategic's favor and against Defendants on all claims;

(b)     Award Strategic its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition;

(c)     Award Strategic its actual damages, trebled pursuant to 765 ILCS 1036/60, arising out of Defendants' acts of willful trademark infringement;

(d)     Award Strategic its actual damages and Defendants' profits pursuant to Illinois common law, 815 ILCS 505/1, et seq., and 815 ILCS 510/1, et seq.

(e)     Award Strategic injunctive relief for Defendants' unfair competition, trademark infringement, and deceptive business and trade practices;

(f)     Award Strategic its costs incurred in this action;

(g)     Award Strategic its reasonable attorneys' fees;

(h)     Award Strategic such other and further relief as is deemed just and proper.

70291-7004/LEGAL123418838.1

Dated: September 9, 2014                    Respectfully submitted,


By:   /s/ Jeremy L. Buxbaum

Jonathan R. Buck (No. 06281672)
Jeremy L. Buxbaum (No. 6296010)
Perkins Coie LLP
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603-5559
Tel:  (312) 324-8400
Fax:  (312) 324-9400
Email:  jbuck@perkinscoie.com
Email:  jbuxbaum@perkinscoie.com

James L. Vana (to be admitted *pro hac vice*)
William C. Rava (to be admitted *pro hac vice*)
Perkins Coie LLP
1201 Third Avenue
Suite No. 4800
Seattle, Washington 98101-3099
Tel:  (206) 359-8000
Fax:  (206) 359-9000
Email:  jvana@perkinscoie.com
Email:  wrava@perkinscoie.com

**ATTORNEYS FOR PLAINTIFFS
STRATEGIC HOTELS AND RESORTS,
INC. and SHR RETAIL, LLC**